ATTACHMENT "B"



# THE AMERICAN CENTER FOR LAW AND JUSTICE

E-NEWSLETTER | CONTACT THE ACLJ | SUPPORT THE ACLJ

Home
About the ACLJ
News Releases
Cases
  Supreme Court
  Other
Radio
Resources
  Newsletters
  Info Letters
  Publications



Liberty
On the Line

A state government offers a scholarship as long as the student agrees not to study theology?

**Hear our
AUDIO CLIP!**



## A.C.L.J. Cases

### Reiter v. City & County of Denver

#### I. JURISDICTION

This action arises under the United States Constitution, particularly the First, Fifth and Fourteenth Amendments; under federal law, particularly 28 U.S.C. § 2201 and 42 U.S.C. §§ 1983 and 1988; and under the Constitution of the State of Colorado, particularly Article 2, § 4.

This Court is vested with original jurisdiction over these federal claims by operation of 28 U.S.C. §§ 1331, 1343 and 1367, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear claims arising under the Colorado Constitution.

This Court is vested with authority to grant the requested declaratory judgment by operation of 28 U.S.C. §§ 2201, et seq.

This Court is authorized to issue the requested injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

This Court is authorized to award attorneys fees pursuant to 42 U.S.C. § 1988.

#### II. VENUE

Venue is proper in United States District Court for the District of Colorado under 28 U.S.C. § 1391(b), in that all plaintiffs reside in this district, and the events giving rise to the claim occurred within the district.

#### III. IDENTIFICATION OF PLAINTIFFS

Plaintiff Diane M. Reiter ("Mrs. Reiter") is a resident of the state of Colorado and City and County of Denver.

Mrs. Reiter is a Christian.

Mrs. Reiter regularly engages in communal prayer with others within her home, including members of her family and visitors who may or may not be Christians.

Plaintiff David P. Reiter ("Mr. Reiter") is a resident of the state of Colorado and the City and County of Denver.

Mr. Reiter is a Christian.

Mr. Reiter is a zone pastor at the Orchard Road Christian Center in Denver, Colorado.

Mr. Reiter regularly engages in communal prayer with others within his home, including members of his family and visitors who may or may not be

Christians.

## IV. IDENTIFICATION OF DEFENDANT

Defendant City and County of Denver ("City") is a municipal corporation located in the State of Colorado, existing under the Constitution and laws of the State of Colorado and is a corporate entity capable of suing and being sued.

## V. STATEMENT OF FACTS

The City and County of Denver ("City") has ordered David and Diane Reiter to cease holding "more than one prayer meeting a month" in their private home.

This action is brought to challenge the validity of the City's cease and desist order and the zoning ordinances upon which the order relies.

### The Plaintiffs

The plaintiffs, David and Diane Reiter, own and reside in a single family residence located at _____.

The Reiters' home is in an area zoned for residential use by right, which is classified as "R-1" under the City's municipal code.

The Reiters are Christians who daily exercise their religious faith by studying religious books and praying individually and communally, among other practices.

Individual and communal prayer is a central tenet of Christianity.

The Reiters believe that they are to pray individually and with others as an act of worship.

The Reiters believe that they are to pray without ceasing according to Biblical guidance.

The Reiters believe that their faith must be exercised within their home as well as in more public settings.

The exercise of faith within the Reiters' home provides opportunities for worship and communal prayer that are not present in their church's Sunday worship service.

The Reiters frequently pray with family members and, when others visit them in their home for various purposes, will often join with the visitors in prayer.

### The Meetings

Study of religious texts and communal prayer among the resident owners of a single family residence and others is a purpose which is within the use by right of a single family residence in the R-1 zone.

In March, 1998, Mrs. Reiter began meeting with other Christian women at the Plaintiffs' home.

The purpose of the meeting was to develop and exercise the participants' religious faith by by studying Christian literature.

The meetings are not an official worship service of the Orchard Road Christian Center.

Mrs. Reiter anticipated the meetings would continue indefinitely. Once the first book study was completed, they would have begun another book.

These meetings were held on each Thursday for about two to three hours, beginning at about 6 p.m.

The meetings typically opened with a common meal.

The common meal was prefaced with a prayer of blessing and thanksgiving.

After the meal, the women would study religious literature and would pray briefly before and after their study.

Occasionally, spiritual or physical circumstances would prompt longer prayers of intercession or worship.

There was no music, speech, or other noise discernible at the boundaries of the Reiter residence during the meetings.

Typically, nine to fifteen women would attend each meeting.

Some of the women would car pool, so on the average about ten cars would be lawfully parked by attendees in the public right-of-way on _____ Street.

Residents and nonresidents regularly and freely park within the public right-of-way along _____ _____Street.

The cars were lawfully parked within the public right-of-way.

The cars did not block access to any residence.

**The Order**

On October 8, 1998, City zoning specialist Inez Duran, in the course of her official business, notified the Reiters by letter that the City would conduct a "routine zoning inspection" regarding "prayer meetings" at the Reiters' residence.

After receiving the letter, Mr. Reiter spoke with Ms. Duran on the telephone.

Mr. Reiter told Ms. Duran that the gathering was not a "prayer meeting" but rather involved several activities, including study of religious writings, fellowship, study and prayer.

Ms. Duran then told Mr. Reiter that "more than one prayer meeting a month" was impermissible.

Ms. Duran stated that she would send out a cease and desist order ("Order").

On October 26, 1998, the City issued its Order.

The Order prohibits the Reiters from holding "more than one prayer meeting a month."

The Order alleges in relevant part the following violation:

> Violation of the general limitation: No land shall be used or occupied and no structure shall be designed, erected, altered, used or occupied except in conformity with all regulations herein

established and upon performance of all
conditions herein set forth [D.R.M.C. § 59-56].

In the R-1 zone district it has been determined by
the Zoning Administrator per section 59-38(10) of
the Revised Municipal Code that one (1) prayer
meeting per month shall be clearly incidental and
customary to and commonly associated with the
operation of the use by right. [D.R.M.C. §]
59-80(6)(a)1.a.

Prayer meetings are held more than once a
month in the single unit dwelling on the above
referenced zone lot in violation of cited section.

Under D.R.M.C. § 59-80(6)(a)1.a, the Zoning Administrator determines what
uses are common and customary to a specific use by right, and if the use is
incidental to the specific use by right.

In his discretion, the Zoning Administrator then uniformly imposes limitations
throughout the zoning district on specific accessory uses.

There are no specific rules or regulations governing the Zoning
Administrator's discretion.

The Zoning Administrator is only required to consider the intensity of the
accessory use, numbers, the space required by the accessory use and the
effect on adjacent property, pursuant to D.R.M.C. § 59-38(10).

The Order incorporates and applies a Zoning Administrator's determination
that only one prayer meeting a month is permissible in the R-1 zone.

This determination was made approximately ten years ago under
circumstances unrelated to this case.

Pursuant to D.R.M.C. § 59-38 (10) the Zoning Administrator is required to
maintain records indexed by use by right and zoning district of all
determinations regarding accessory uses.

Pursuant to §§ 24-72-203 and 24-72-205 of the Colorado Revised Statutes
("C.R.S"), plaintiffs made three written requests that sought the records relied
upon to determine that only "one prayer meeting a month" was permissible in
R-1 zones.

The Zoning Administrator failed to produce any documentation regarding the
determination that only "one prayer meeting a month" was permissible in R-1
zones.

**Appeal of the Order**

On November 6, 1998, the Plaintiffs timely appealed the Order to the Board
of Adjustments for Zoning Appeals.

When the Plaintiffs filed the appeal, Janice Tilden, Director of the Board of
Adjustments for the Zoning Appeals ("Board"), told them in the course of her
official business that if they were having a weekly "book club" in their home
rather than a "prayer meeting," then it would most likely be "no problem."

The Appeal was heard on February 16, 1999.

The Board affirmed the Order on February 17, 1999.

On or about March 4, 1999, the Reiters, through counsel, requested that the Board rescind the Order because the Order was invalid under the United States Constitution.

The Board denied the request for reconsideration.

The Board lacks authority to review constitutional or legislative issues.

The Board advised the Reiters that any further review of their decision must be through judicial review before a court of record pursuant to rule 106(a)(4) of the Colorado Rules of Civil Procedure ("C.R.C.P.").

The Order remains in effect.

Under the Order, the Reiters are indefinitely barred from holding more than one "prayer meeting" a month in their home.

## VI. ALLEGATIONS OF LAW

All acts of the defendants, their officers, agents, servants, employees, or persons acting at their behest or direction, were done and are continuing to be done under the color and pretense of state law, including the ordinances, regulations, customs, policies and usages of the City and County of Denver.

The Reiters (hereinafter, "plaintiffs") have no adequate or speedy remedy at law to correct or redress the deprivations their federal and state rights by defendants.

Unless and until the enforcement of the Order is enjoined, the plaintiffs will suffer and continue to suffer irreparable injury to their federal and state rights.

### A. First Cause of Action: Violation of the Free Speech Clause of the First Amendment

Plaintiffs reallege all matters set forth in paragraphs 1-71 and incorporate them herein.

Plaintiffs believe that they must regularly associate with friends and family within their home to express their devotion to God through communal prayer, discussion regarding religious literature, and other religious speech.

Communal prayer within the plaintiffs' home is central to the exercise of Plaintiffs' Christian faith.

The Order is issued pursuant to the City's zoning ordinance.

The Order is a content-based prohibition of expressive speech within the Reiters' home.

The Order is underinclusive because it does not regulate similar meetings which do not incorporate prayer.

The Order is overbroad because it sweeps within its ambit protected First Amendment rights in addition to the prohibited prayers.

The City has some interest in regulating traffic, parking, and noise within residential neighborhoods.

The City has no compelling interest in limiting the frequency of communal prayer within a private home.

The City's zoning ordinance and Order thus constitute a violation of plaintiffs' rights under the Free Speech Clause of the First Amendment to the United States Constitution as incorporated and applied to state action under the Fourteenth Amendment.

WHEREFORE, plaintiffs respectfully pray that this Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

### B. Second Cause of Action: Violation of the right to peaceable assembly under the First Amendment

Plaintiffs reallege all matters set forth in paragraphs 1-81 and incorporate them herein.

Plaintiffs believe that they must regularly associate with friends and family within their home to express their devotion to God through communal prayer, discussion regarding religious literature, and other religious speech.

Communal prayer within the plaintiffs' home is central to the exercise of plaintiffs' Christian faith.

The Order is issued pursuant to the zoning ordinance.

The Order prohibits plaintiffs from assembling more than once a month within the plaintiffs' residence for communal prayer.

The City has some interest in regulating traffic, parking, and noise within residential neighborhoods.

The City has no compelling interest in limiting the peaceable assembly of a few individuals within a private residence.

The City's zoning ordinance and Order thus constitute a violation of plaintiffs' right of peaceable assembly under First Amendment to the United States Constitution, as incorporated and applied to state action under the Fourteenth Amendment.

WHEREFORE, plaintiffs respectfully pray that this Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

### C. Third Cause of Action: Violation of the right to privacy under the First Amendment

Plaintiffs reallege all matters set forth in paragraphs 1-89 and incorporate them herein.

Plaintiffs believe that they must regularly associate with friends and family within their home to express their devotion to God through communal prayer, discussion regarding religious literature, and other religious speech.

Communal prayer within the plaintiffs' home is central to the exercise of Plaintiffs' Christian faith.

The Order, issued pursuant to the zoning ordinance, regulates the speech of individuals within the privacy of their private residence.

The City has some interest in regulating traffic, parking, and noise within residential neighborhoods.

The City has no compelling interest in regulating the content and viewpoint of otherwise lawful private speech within a private residence.

The City's zoning ordinance and Order thus constitute a violation of plaintiffs' privacy rights that are implicit in the First Amendment to the United States Constitution as incorporated and applied to state action under the Fourteenth Amendment.

WHEREFORE, plaintiffs respectfully pray that this Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

### D. Fourth Cause of Action: Violation of the Free Exercise Clause of the First Amendment

Plaintiffs reallege all matters set forth in paragraphs 1-96 and incorporate them herein.

Plaintiffs believe that they must regularly associate with friends and family within their home to express their devotion to God through communal prayer, discussion regarding religious literature, and other religious speech.

Communal prayer within the plaintiffs' home is central to the exercise of the plaintiffs' Christian faith.

The Order expressly targets "prayer meetings."

The Order prohibits the Plaintiffs from gathering for communal prayer "more than once a month."

The Order prohibits the exercise of First Amendment rights associated with communal prayer, including but not limited to, the rights of free speech, privacy, and peaceable assembly.

The City's zoning ordinance and Order thus constitute a violation of plaintiffs' rights under the Free Exercise Clause of the First Amendment to the United States Constitution as incorporated and applied to state action under the Fourteenth Amendment.

WHEREFORE, plaintiff respectfully prays that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

### E. Fifth Cause of Action: Violation of the Due Process Clause of the Fourteenth Amendment

Plaintiffs reallege all matters set forth in paragraphs 1-103 and incorporate them herein.

Plaintiffs believe that they must regularly associate with friends and family within their home to express their devotion to God through communal prayer, discussion regarding religious literature, and other religious speech.

Communal prayer within the plaintiffs' home is central to the exercise of the plaintiffs' Christian faith.

The Zoning Administrator determined that the religious book study at the Plaintiffs' home was a "prayer meeting," absent any objective standards.

The term "prayer meeting" is not defined in the Order.

The term "prayer meeting" is not defined in the D.R.M.C.

The Plaintiffs do not know when an ordinary social gathering in their home might violate the Order because communal prayer occurs.

Pursuant to D.R.M.C. §§ 59-38(10) and 59-80(6)(a)1, Zoning Administrator Kent Strapko applied a ten year old determination to prohibit the "excess" prayer meetings in the Plaintiffs' home.

Zoning Administrator Kent Strapko alleged that written records existed that would document the intent and scope of the determination upon which he relied.

Plaintiffs through counsel requested records that would document the intent and scope of the determination.

Zoning Administrator Kent Strapko failed to produce any records regarding the ten year old determination upon which the contemporary Zoning Administrator relied.

Despite the absence of any records to document the intent and scope of the determination, the Zoning Administrator is enforcing that determination through the City's Order.

The City's zoning ordinance and Order thus constitute a violation of plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, plaintiff respectfully prays that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

**F. Sixth Cause of Action: Violation of the Equal Protection Clause of the Fourteenth Amendment**

Plaintiffs all matters set forth in paragraphs 1-116 and incorporate them herein.

Plaintiffs believe that they must regularly associate with friends and family within their home to express their devotion to God through communal prayer, discussion regarding religious literature, and other religious speech.

Communal prayer within the plaintiffs' home is central to the exercise of the plaintiffs' Christian faith.

The Order, issued pursuant to the zoning ordinance, burdens the Plaintiffs' fundamental rights of free exercise, free speech, and due process rights that are protected by the United States Constitution.

The City has some interest in regulating traffic, parking, and noise within residential neighborhoods.

The Order is silent regarding the regulation of traffic, parking, and noise within residential neighborhoods.

The City has no compelling interest in limiting the frequency of communal prayer within a private home while allowing similar secular activities in other homes.

The absence of a compelling interest is demonstrated by the statement of Board Director Janice Tilden's statement that if the Reiters were having a weekly "book club" in their home rather than a "prayer meeting," then it would most likely be "no problem."

The City's zoning ordinance and Order thus constitute a violation of plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, plaintiff respectfully prays that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

### G. Seventh Cause of Action: Violation of the Establishment Clause of the First Amendment

Plaintiffs reallege all matters set forth in paragraphs 1-125 and incorporate them herein.

The Order expressly specifies that "prayer meetings" may not be held more than once a month.

To determine whether a gathering of persons within the plaintiffs' home is a "prayer meeting," the City must analyze the content of speech and other expressive activity to determine whether "prayer" is occurring.

Obtaining sufficient information for the City to analyze the content of speech and other expressive activity within the plaintiffs' home requires ongoing, comprehensive government surveillance that impermissibly entangles the City with religion and thus violates the Establishment Clause of the First Amendment to the United States Constitution as incorporated and applied to state action under the Fourteenth Amendment.

WHEREFORE, plaintiff respectfully prays that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

### H. Eighth Cause of Action: Violation of the Takings Clause of the Fifth Amendment

Plaintiffs reallege all matters set forth in paragraphs1-129 and incorporate them herein.

Plaintiffs believe that they must use their home to regularly associate with friends and family to express their devotion to God through communal prayer, discussion regarding religious literature, and other religious speech.

Communal prayer within the plaintiffs' home is central to the exercise of the plaintiffs' Christian faith.

The City has some interest in regulating traffic, parking, and noise within residential neighborhoods.

The City has no substantial interest in limiting the frequency of communal prayer within a private home.

The Order is silent regarding the regulation of traffic, parking, and noise within residential neighborhoods.

The Order limits the plaintiffs' use and enjoyment of their property.

The City's zoning ordinance and Order thus go too far and constitute a violation of plaintiffs' rights under the Takings Clause of the Fifth Amendment to the United States Constitution, as incorporated and made applicable to state action under the Fourteenth Amendment.

WHEREFORE, plaintiff respectfully prays that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

### I. Ninth Cause of Action: Violation of the Colorado State Constitution, Article 2 § 4

Plaintiffs reallege all matters set forth in paragraphs 1-137 and incorporate them herein.

Plaintiffs hold the religious opinion that they must regularly associate with friends and family within their home to express their devotion to God through communal prayer, discussion regarding religious literature, and other religious speech.

Communal prayer within the plaintiffs' home is central to the exercise of the plaintiffs' Christian faith.

Speech, peaceable assembly, expressive conduct, and free exercise of religion are rights protected by the federal and Colorado state Constitutions.

The plaintiffs hold the religious opinion that they must peaceably assemble and pray within their home.

The plaintiffs' rights of speech, peaceable assembly, expressive conduct, and free exercise are proscribed by the City because of the religious opinions held by the Plaintiffs.

The City's zoning ordinance and Order thus constitute a violation of plaintiffs' rights under the Constitution of the State of Colorado, Article 2 § 4.

WHEREFORE, plaintiff respectfully prays that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

### J. Tenth Cause of Action: The Order is an *ultra vires* act that violates the laws, regulations, customs, and practices of the City and County of Denver

Plaintiffs reallege all matters set forth in paragraphs 1-144 and incorporate them herein.

Study of religious texts and communal prayer among the resident owners of a single family residence and others is a purpose which is within the use by right of a single family residence in the R-1 zone.

A use by right may be exercised without further permission from, or regulation by, the City.

The Zoning Administrator does not have authority to regulate a use by right.

The Order regulates the private study of religious texts and communal prayer among the resident owners and others within the plaintiffs' home as an accessory use, rather than a use by right.

The Order and actions of the Zoning Administrator are thus *ultra vires* and unlawful according to the laws, regulations, customs and practices of the City.

WHEREFORE, plaintiff respectfully prays that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

### VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays for judgment as follows:

That this Court render a Declaratory Judgment declaring D.R.M.C. §§ 59-38(10) and 59-80(6)(a)1.a to be facially invalid and unconstitutional under the constitutions of the United States and the state of Colorado;

That this Court render a Declaratory Judgment declaring that the ten year old Zoning Administrator's determination is invalid facially and as applied under the constitutions of the United States and the state of Colorado;

That this Court render a Declaratory Judgment declaring that the Order is an invalid application of D.R.M.C. §§ 59-38(10) and 59-80(6)(a)1.a against the Plaintiffs under the constitutions of the United States and the state of Colorado;

That this Court declare that the Order is *ultra vires* and unlawful according to the laws, regulations, customs and practices of the City;

That this Court issue a Preliminary and Permanent Injunction restraining enforcement of the Order in all respects as challenged herein;

That this Court retain jurisdiction of this matter for the purpose of enforcing the Court's Orders;

That this Court award plaintiff's costs and expenses of this action, including a reasonable attorneys fees award, in accordance with 42 U.S.C. § 1988 and other applicable law;

That this Court award damages in an amount to be determined by the finder of fact in accordance with the proof, plus interest at the legal rate until paid; and

That this Court adjudge, decree and declare the rights and other legal relations of the parties to the subject matter here in controversy, in order that such declarations shall have the force and effect of final judgment;

That this Court grant such other and further relief as the Court deems equitable, just, and proper.

Respectfully submitted this ___ day of July, 1999

By: _____

JAMES M. HENDERSON, Sr.*
THE AMERICAN CENTER FOR LAW AND JUSTICE

KEVIN H. THERIOT*

GARY S. McCALEB*

http://www.aclj.org/cases/denver_complaint_990803.asp

THE AMERICAN CENTER FOR LAWAND JUSTICE

---------------------------------------------

ROBERT A. LEES

Attorneys for Plaintiffs

DAVID P. REITER and DIANE M. REITER

\* Applications to the bar of this Court submitted concurrently with this Complaint.

Verification of Complaint

I, David P. Reiter, a citizen of the United States and a resident of Colorado, have read the foregoing Verified Complaint for Injunctive and Declaratory Relief, and declare under penalty of perjury that the foregoing Complaint is true and correct.

---------------------------------

Date: July ___, 1999 David P. Reiter

I, Diane M. Reiter, a citizen of the United States and a resident of Colorado, have read the foregoing Verified Complaint for Injunctive and Declaratory Relief, and declare under penalty of perjury that the foregoing Complaint is true and correct.

---------------------------------

Date: July ___, 1999 Diane M. Reiter

**The contents of this website do not constitute legal advice. If you are seeking legal advice, you will need to contact an attorney in regard to your legal matter. If you are unable to obtain an attorney, you may call the ACLJ national headquarters at 1/800-296-4529 and we will attempt to assist you.**

# ATTACHMENT "C"

**The Following Content Was Printed From:**
**http://www.aclj.org/news/NR_990803.asp**

ACLJ PRESS RELEASE AUGUST 3, 1999

ACLJ FILES SUIT IN FEDERAL COURT TO CHALLENGE DENVER'S "CEASE AND DESIST" ORDER LIMITING PRAYER MEETINGS IN A PRIVATE HOME

(Virginia Beach, VA) -- The American Center for Law and Justice, an international public interest law firm, today filed suit in U.S. District Court in Denver, Colorado against the City and County of Denver on behalf of a Denver couple who has been ordered to limit the number of prayer meetings they hold in their private residence to one per month. "This is an example of religious hostility at its worst," said Jay Sekulow, Chief Counsel of the ACLJ, which represents the couple. "The City has trampled on the First Amendment rights of our clients and has enacted an order that is not only unconstitutional but absurd. We have taken this issue to federal court and will aggressively challenge the city's 'cease and desist' order and its zoning ordinance." The ACLJ represents David and Diane Reiter of Denver who began holding weekly meetings for prayer and fellowship in their private home in March 1998. In October 1998, a zoning specialist for the City of Denver told the Reiters that they would have to limit the number of gatherings at their home to no more than one per month. The City issued a "cease and desist" order on October 26, 1998 prohibiting the Reiters from holding "more than one prayer meeting a month." The decision was appealed and upheld in February 1999 by the City's Board of Adjustments for Zoning Appeals. In a complaint filed in U.S. District Court in Denver today, the ACLJ contends that the action taken by the City of Denver violates the First, Fifth, and Fourteenth Amendments and contends the action violates both federal and state law. Sekulow said: "The city officials made it clear to our clients -- if they were having a weekly book club at their home instead of a prayer meeting, there would be no problem. This is clearly hostility toward people of faith. Our clients are being singled out because they want to pray and meet in their own home. This action is an inexcusable violation of their privacy and is unconstitutional." The lawsuit requests that the court declare the City's action unconstitutional and requests a preliminary and permanent injunction striking down the "cease and desist" order against the Reiters. At the same time, the lawsuit contends that the Reiters have complied with noise, parking, and traffic requirements in their residential neighborhood. The ACLJ is being assisted in this case by Denver attorney Robert A. Lees. The American Center for Law and Justice is an international public interest law firm and educational organization that defends the First Amendment rights of people of faith. The ACLJ specializes in pro-family, pro-life, and pro-liberty cases. The ACLJ is headquartered in Virginia Beach, Virginia and its Web site is www.aclj.org.

# ATTACHMENT "D"

YOU HAVE BEEN APPOINTED COMMITTEE

IN CASE # _CV03_

.VS.

\*\*\* DETAILS TO FOLLOW\*\*\*\*

**TO: THE COMMITTEE:**

Please note the following information regarding committee duties:

1.) The court orders that the premium for liability insurance to be limited to $250.00 and that cost of the sign be limited to $150, including installation.

2.) The Hartford Courant now carries a block notice of conditions of sale (see attached). The information therein applies to all foreclosure notices and should not be included in the ad you place. Please check the Courant's conditions carefully to determine whether something specific needs to be added or clarified in the ad you place regarding the specifics of your property.

3.) Enclosed is a suggested ad format for the ad you place. It can be quite short because the conditions of sale are no longer included in each ad (see attached).

4.) The court strongly recommends that a photo be submitted to the Courant. There is no additional charge to print the photo. Black and white glosses are best, but color photos can be used if very clear. The Courant will size the photo two (2) inches.

5.) For questions on advertising, please contact the Courant at 520-6972

6.) Court approved rate for committee fee is $150.00 per hour. The committee must submit hourly breakdown of time spent for approval of fees.

7.) No substitutes for the committee are allowed without prior court approval.

8.) No law firm names are to be used in advertising or on documents.

9.) "Guidelines for Committee Responsibility and Procedures for Committee Auction Sale" Is available from The Commission on Official Legal Publications (COLP) for a fee. Phone: (860) 741-3027, Fax: (860) 745-2178, 111 Phoenix Ave. Enfield, CT 06082.

10.) It is acceptable for plaintiffs to fax their bids to Committee by 12:00 Noon on Friday prior to the date of the Auction.

11.) See the Foreclosure by Sale Standing Orders, JD-CV-79 and the Judicial Branch website; www.jud.state.ct.us under tools for Practice, Standing Orders for additional committee information.

( )